UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALI KANONGATAA,

                              Plaintiff,

     - against -

RODALE INC.

                              Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiff Kali Kanongata ("Kali" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Rodale, Inc., ("Rodale" or "Defendant") hereby alleges as follows:

## **NATURE OF THE ACTION**

1.       This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a screen shot of a video of Facebook's First Live Birth and a Video of the Facebook's First Live Birth owned and registered by Kali. Accordingly, Kali seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## **JURISDICTION AND VENUE**

2.       This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Kali is the owner of the Polynesian Cultural Exchange which is a non-profit organization that helps those of Pacific Islander decent utilize their talents with leaders in creating avenues to educate, promote and advance cultural competency. Kali has a place of business at 1495 Silver Avenue, San Francisco, California 94134.

6.      Upon information and belief, Rodale is a corporation duly organized and existing under the laws of the State of Pennsylvania, with a place of business at 733 3rd Avenue, # 6, New York, New York 10017. Upon information and belief, Rodale is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Rodale has owned and operated a website at the URL: www.womenshealthmag.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Video**

7.      On or about May 16, 2016, Kali videotaped his partner giving birth and broadcasted it on his Facebook page (the "Video").

8.      Kali is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9.      The Video was registered with US Copyright Office and was given Copyright Registration Number PA 1-995-583.

**B.      Defendant's Infringing Activities**

10.     Upon information and belief, on or about May 20, 2016, Rodale ran an article on the Website entitled *This Dad 'Accidentally' Live-Streamed His Partner giving Birth*. See http://www.womenshealthmag.com/mom/livestream-birth. The article prominently featured a screen shot of the Video and the Video. A true and correct copy of the article is attached hereto as Exhibit A.

11.     Rodale did not license the Video or screen shot from Plaintiff for use on its Website, nor did Rodale have Plaintiff's permission or consent to publish the Video or screen shot on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST RODALE)
### (17 U.S.C. §§ 106, 501)

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Rodale infringed Plaintiff's copyright in the Video by reproducing and publicly displaying a screen shot of the Video and the Video on the Website. Rodale is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video or screen shot of the Video.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Rodale have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Video and screen shot of the Video, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Rodale be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.     That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.      That Plaintiff be awarded pre-judgment interest; and

6.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
           October 24, 2016

                                                    LIEBOWITZ LAW FIRM, PLLC

                                                    By: /s/Richard Liebowitz
                                                            Richard P. Liebowitz
                                                    11 Sunrise Plaza, Suite 305
                                                    Valley Stream, NY 11580
                                                    Tel: (516) 233-1660
                                                    RL@LiebowitzLawFirm.com

                                                    *Attorneys for Plaintiff Kali Kanongataa*